1  CHARLES MENZIES, ESQ. (SBN 198223)
2  TSC Acquisition Corporation
   1149 S. Hill Street, Suite 400
3  Los Angeles, CA 90015
4  Telephone: (828) 319-0520
   Email: ctm@menziescompany.com
5
6  ROBERT S. FREUND (SBN 287566)
   Robert Freund Law
7  10866 Wilshire Boulevard, Suite 400
8  Los Angeles, CA 90024
   Telephone: (323) 553-3407
9  Email: robert@robertfreundlaw.com
10
   Attorneys for Defendant,
11 TSC Acquisition Corporation

12

13                    UNITED STATES DISTRICT COURT

14         CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

15

| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | CASE NO. 2:19-cv-03863 PA-SK |
|---|---|
| Plaintiff, | **DEFENDANT TSC ACQUISITION CORPORATION'S ANSWER TO COMPLAINT** |
| v. | |
| TSC ACQUISITION CORP., | Action Filed:       May 3, 2019 |
| Defendant. | |

DEFENDANT'S ANSWER TO COMPLAINT

Defendant TSC Acquisition Corporation ("TSC"), by and through its attorneys of record, hereby responds to the allegations of the Complaint filed by Plaintiff Travelers Property Casualty of America ("Plaintiff") in this action as follows:

1.  TSC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.  TSC admits it is organized under the laws of the State of Delaware and denies that its address is 1100 Glendon Avenue, Los Angeles, California. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies those allegations.

3.  To the extent the allegations in paragraph 3 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, TSC denies that Plaintiff has any claim against it.

4.  To the extent the allegations in paragraph 4 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, TSC states that it is not challenging venue or the Court's jurisdiction.

5.  In response to paragraph 5, TSC adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 4 of the Complaint.

6.  To the extent the allegations in paragraph 6 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Plaintiff did issue one or more insurance policies to TSC.

7.  To the extent the allegations in paragraph 7 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Plaintiff did issue one or more insurance policies to TSC.

8.  To the extent the allegations in paragraph 8 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Plaintiff did issue one or more insurance policies to TSC.

DEFENDANT'S ANSWER TO COMPLAINT

9. To the extent the allegations in paragraph 9 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Plaintiff did issue one or more insurance policies to TSC.

10. To the extent the allegations in paragraph 10 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. To the extent the allegations in paragraph 11 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12. To the extent the allegations in paragraph 12 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owed Plaintiff $131,093.00. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies those allegations.

13. To the extent the allegations in paragraph 13 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC admits that it paid Plaintiff certain payments against various policies. TSC denies the remaining allegations in paragraph 13.

14. To the extent the allegations in paragraph 14 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owed Plaintiff $286,290.00. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15. To the extent the allegations in paragraph 15 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC admits that it paid Plaintiff certain payments against various policies. TSC denies the remaining allegations in paragraph 15.

16. To the extent the allegations in paragraph 16 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17. To the extent the allegations in paragraph 17 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owed Plaintiff $280,483.26. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18. To the extent the allegations in paragraph 18 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies the allegations in paragraph 18.

19. In response to paragraph 19, TSC adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 18 of the Complaint.

20. To the extent the allegations in paragraph 20 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes Plaintiff $280,483.26. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies those allegations.

21. To the extent the allegations in paragraph 21 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it breached any insurance contract, that the "audit" legally requires TSC to pay any additional fees and denies any wrongdoing. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies those allegations.

22. To the extent the allegations in paragraph 22 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes Plaintiff $280,483.26. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23. To the extent the allegations in paragraph 23 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes

Plaintiff $280,483.26. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24. To the extent the allegations in paragraph 24 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes Plaintiff $280,483.26. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25. In response to paragraph 25, TSC adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 24 of the Complaint.

26. To the extent the allegations in paragraph 26 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes Plaintiff $280,483.26 and that TSC was obligated to make a payment of $280,483.26 upon Plaintiff's demand. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27. To the extent the allegations in paragraph 27 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes anything to Plaintiff. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies those allegations.

28. To the extent the allegations in paragraph 28 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies it owes Plaintiff $280,483.26 or that Plaintiff has suffered any damages. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29. In response to paragraph 29, TSC adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 28 of the Complaint.

30. To the extent the allegations in paragraph 30 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC admits that it contracted with Plaintiff to provide certain insurance coverage to TSC. TSC denies the remaining allegations in paragraph 30.

31. To the extent the allegations in paragraph 31 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC admits that it contracted with Plaintiff to provide certain insurance coverage to TSC.

32. To the extent the allegations in paragraph 32 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies that it owes Plaintiff $280,438.26. TSC lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33. To the extent the allegations in paragraph 33 set forth one or more legal conclusions, they require no response. Subject to the foregoing, TSC denies Plaintiff was "unjustly enriched," that Plaintiff suffered any damages, and that Plaintiff is entitled to $280,438.26 and denies any wrongdoing.

**TSC'S ANSWER TO PRAYER FOR RELIEF**

34. Plaintiff's Prayer does not require a response. To the extent a response is required, however, TSC denies the allegations contained in the prayer for relief following paragraph 33 of the Complaint and further denies that Plaintiff is entitled to any of the relief sought or any relief whatsoever.

**GENERAL DENIAL**

Except as specifically admitted, TSC denies every other allegation and implication of wrongdoing in the Complaint.

**AFFIRMATIVE DEFENSES**

TSC sets forth the following affirmative defenses. By asserting these defenses, TSC does not assume the burden of establishing or refuting any fact, element, or proposition as to which Plaintiff bears the burden of proof. TSC reserves the right to raise additional defenses as the facts and discovery in this case warrant and in response to any new or amended claims or allegations asserted by Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

1. The Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against TSC under Fed. R. Civ. P. 8(a) and 12(b)(6). Plaintiff's claims for breach of contract, account stated, and unjust enrichment are vague and conclusory.

## SECOND AFFIRMATIVE DEFENSE

**(No Injury)**

2. The Complaint is barred, in whole or part, because Plaintiff does not have any particularized or concrete injury. TSC did not breach the Policies and does not owe Plaintiff any outstanding balance.

## THIRD AFFIRMATIVE DEFENSE

**(Good Faith)**

3. Plaintiff's claims are barred, in whole or part, because the acts or omissions alleged to have been performed by TSC, if performed at all, were done in good faith. TSC did not Breach the Policies and carried out its obligations under the Agreement in good faith.

## FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

4. Plaintiff's claims are barred, in whole or part, due to Plaintiff's failure to mitigate its alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

5. Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands. Plaintiff's alleged damages are the result of its own unfair and improper audit analyses, not any wrongdoing by TSC.

## SIXTH AFFIRMATIVE DEFENSE
## (Full Payment)

6. Plaintiff's claims are barred because the amounts to be owed to Plaintiff were, in fact, paid or provided to Plaintiff. TSC paid Plaintiff properly received under the Policies.

## SEVENTH AFFIRMATIVE DEFENSE
## (No Breach)

7. Plaintiff's claims are barred, in whole or part, because TSC did not breach any agreement between TSC and Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
## (No Attorneys' Fees)

8. There is no basis in statute or contract for Plaintiff's request for attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE
## (Accord and Satisfaction)

9. Plaintiff's claims are barred, in whole or part, by the equitable doctrine of accord and satisfaction. Plaintiff accepted payment from TSC in satisfaction of any obligations TSC owed Plaintiff under the Policies.

## TENTH AFFIRMATIVE DEFENSE
## (Offset)

10. Without conceding that any act or omission of TSC caused damage to Plaintiff, TSC alleges it is entitled to offset and recoup against any judgment that may be entered against it on any obligations that Plaintiff owes TSC.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

TSC has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available in this action. TSC therefore reserves the right to assert additional defenses in the event discovery indicates that they may be appropriate. TSC further reserves the right to amend its Answer or

otherwise plead in response to Plaintiff's Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced through the discovery process.

### TSC'S PRAYER FOR RELIEF

**WHEREFORE**, TSC prays for relief as follows:

1. That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

2. That the Court enter judgment that TSC is the prevailing party in this action;

3. That the Court award TSC all costs, expenses, and attorneys' fees that it is entitled to under applicable law; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 18, 2019          ROBERT FREUND LAW

By      */s/ Robert S. Freund*
         Robert S. Freund
         Attorneys for Defendant
         TSC Acquisition Corporation