1  WESTON & McELVAIN LLP
   Aaron C. Agness (State Bar No. 221943)
2  Joel A. Graboff (State Bar No. 316900)
   1960 E. Grand Avenue, Suite 400
3  El Segundo, CA 90245
   Telephone: (213) 596-8000
4  Facsimile: (213) 596-8039
   E-mail: aagness@wmattorneys.com
5          jgraboff@wmattorneys.com

6  Attorneys for Plaintiff
   TRAVELERS PROPERTY CASUALTY
7  COMPANY OF AMERICA

8             **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 TRAVELERS PROPERTY            ) CASE NO. 2:19-cv-03863-PA-SK
   CASUALTY COMPANY OF           )
12 AMERICA,                      ) Assigned to the Honorable Percy
                                 ) Anderson, Ctrm. 9A
13              Plaintiff,       )
                                 )
14       v.                      ) **PLAINTIFF TRAVELERS**
                                 ) **PROPERTY CASUALTY**
15                               ) **COMPANY OF AMERICA'S**
                                 ) **PARTIAL OPPOSITION TO TSC'S**
16 TSC Acquisitions Corp.,       ) **MOTION FOR PARTIAL**
                                 ) **SUMMARY JUDGMENT**
17              Defendant.       )
                                 )
18                               ) Hearing
                                 ) Date:  May 18, 2020
19                               ) Time:  1:30 p.m.
                                 ) Ctrm:  9A
20                               )
                                 )
21                               ) Action Filed: May 3, 2019
                                 ) Trial Date: July 21, 2020
22 _____)

23

24

25

26

27

28
                                     1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant TSC Acquisitions Corp.'s ("TSC") Motion for Partial Summary Judgment ("Motion") is based on the notion that Travelers Property Casualty Company of America ("Travelers") issued two workers' compensation insurance policies to TSC that were valid, binding, and enforceable, and that the only cause of action that should be at-issue in this case is breach of contract.  As a result, TSC moves to dismiss Travelers' causes of action for accounts stated and unjust enrichment.[1]  Notably, those causes of action were pled in the alternative – i.e., in the event that TSC argues the subject policies were not valid, binding, and enforceable, and that the premiums owed are somehow not expressly proscribed by the policies.  In its Answer, TSC was vague, only admitting that policies existed.  Now, TSC argues that the policies are binding.  Assuming TSC stands by that position, and that such fact is undisputed and admitted for purposes of this case, Travelers agrees that it can proceed solely by way of its breach of contract cause of action.  However, if TSC intends to waiver from that position, or is not bound by the admission, the causes of action should remain in the case.

## II. FACTUAL BACKGROUND

Travelers issued two consecutive policies of workers compensation insurance to TSC; Policy No. HJUB-4F12903-3-14, effective December 31, 2014 to December 31, 2015 (the "2014 Policy"), and Policy No. HJUB-7114P39-6-15, effective December 31, 2015 to December 31, 2016 (the "2015 Policy"; collectively, the "Policies").  [Doc. No. 26-1, Travelers' Statement of Uncontroverted Facts ("TUF") 1, 2; Doc. No. 27 at p. 1:13-17]  The Policies were valid, binding, and

---

[1] TSC also seeks to strike Travelers' prayer for attorneys' fees.  Travelers does not oppose that part of the Motion and stipulates to dismissal of the request for attorneys' fees.

enforceable contracts between Travelers and TSC, and Travelers provided insurance to TSC under the terms and conditions as set forth therein. [TUF 3] The Policies provided that initial premiums would be based on estimates of TSC's gross payroll for each respective coverage period and were subject to change by verification and audit. [TUF 4] Audits would be conducted in the post-policy periods to determine the actual risk exposure of the business during the preceding coverage periods, by way of the actual, gross payroll. [TUF 4] If audited premiums were determined to be less than initial estimates, TSC would be entitled to a refund of the difference; if the audits resulted in higher premiums, Travelers would bill TSC for the remaining amounts owed. [TUF 4]

Travelers provided coverage to TSC during the effective periods under the Policies. [TUF 3, 5] Travelers then conducted audits of the Policies during the post-policy periods. [TUF 6, 7, 16, 17] Travelers notified TSC of the results of those audits, and TSC neither objected to the findings, nor has remitted payment for amounts due and owing to Travelers. [TUF 11, 15, 21, 22] Travelers requested remittance of all outstanding debts prior to litigation, but was refused. [TUF 23] For the first time, TSC alleged a dispute with Travelers' audits of the Policies in its Answer to the Complaint, and now further details its alleged dispute its Motion. [Doc. No. 14; Doc. No. 27] To date, TSC has not produced any documentation or other supporting evidence to challenge Travelers' claims. [TUF 24]

**III.     LEGAL STANDARD FOR SUMMARY JUDGMENT AND ASSERTING FACTS**

A party seeking summary judgment must establish that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED R. CIV. PROC., RULE 56(a). Similarly, should the party seek partial summary judgment, it must make a showing that there is no genuine issue of material fact as to a particular claim or upon all or any part thereof. Id.

TRAVELERS' PARTIAL OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT

Furthermore,

> A party asserting that a fact cannot be genuinely disputed <u>must</u> support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…

FED R. CIV. PROC., RULE 56(c); <u>see also</u> "Scheduling Order", Doc. No. 20 §II(A)(2) and (3); L.R. 7-5(b); L.R.7-6.  To defeat a motion for summary judgment or partial summary judgment an opposing party must cite to evidence establishing a genuine issue of material fact, or show that the evidence cited by the moving party does not establish that it is entitled to judgment as a matter of law.

## IV. <u>TSC HAS OFFERED NO EVIDENCE IN SUPPORT OF ITS FACTUAL ALLEGATIONS</u>

TSC has failed to comply with federal statutory rules, Central District local rules, and the Court's Scheduling Order, all requiring evidentiary support for factual allegations set forth in its Motion.  FED. R. CIV. PROC., RULE 56(C); "Scheduling Order", Doc. No. 20, §II(A)(2) and (3); L.R. 7-5(b); L.R.7-6.  This is true for the entirety of the "Background" section of TSC's Motion as it is offered absent any supporting evidence, declarations, or affidavits.  [Doc. No. 27 at p. 1:11-4:15] Consequently, Travelers objects to those facts.  Moreover, TSC has clearly failed to satisfy its burden of establishing those facts as undisputed.

That being said, Travelers recognizes that the vast majority of the alleged facts that TSC presents in its Motion are immaterial to its claims for partial summary judgment.  In fact, the only material facts are that the policies are valid and binding, and that the audits are allowed and proscribed by the subject policies, such that the terms of the policies form the basis of this lawsuit.  Thus, while

Travelers disputes the immaterial facts set forth in TSC's "Background" section of the Motion, Travelers will abstain from addressing each unsupported allegation contained therein because it would be irrelevant.

## V. THERE REMAINS A GENUINE DISPUTE REGARDING TSC'S ACCOUNTS STATED AND UNJUST ENRICHMENT CLAIMS UNLESS TSC IS FINALLY ADMITTING THAT THE POLICIES' TERMS ARE VALID AND BINDING

Up until the filing of its Motion, TSC had failed to acknowledge the validity and/or enforceability of the Policies. Rather, in its Answer to Travelers' Complaint, TSC was purposefully vague regarding even the existence of the Policies. [Doc No. 14 at ¶¶6-9, 21, 13, 15, 30-31] Travelers pled accounts stated and unjust enrichment in the alternative to breach of contract, to the extent TSC might try to argue against the subject policies being valid, or more specifically, argue against the validity of the premium audit provisions contained therein. [See Doc. No. 14 at ¶21] However, it appears by way of TSC's Motion that TSC has now unqualifiedly admitted that the Policies were valid and binding between the parties, and that no dispute exists in that regard. [Doc. No. 27 at p. 5:25-26; 7:19-20] To the extent TSC now admits the subject insurance policies were valid, enforceable contracts of insurance between the parties, Travelers agrees its recovery is based on TSC's breach of the terms and conditions therein, rather than on a theory of quasi-contract, unjust enrichment, and/or accounts stated. [See Travelers' Motion for Summary Judgment, Doc. No. 26]

However, to the extent TSC may still attempt to argue the invalidity of one or both of the subject policies, either in whole or in part, Travelers' claims for accounts stated and/or unjust enrichment would undeniably remain viable. Travelers undisputedly provided a service to TSC via affording workers' compensation insurance coverage. [TUF 5] TSC benefited under that insurance, to the tune of

nearly $6 million in benefits paid out for losses.  [TUF 5, 20]  TSC failed to pay for the insurance coverage it accepted from Travelers, and therefore remains unjustly enriched by the services and benefits it received.  [UF 5, 20, 23]  TSC initially began to pay down its outstanding obligations, thereby recognizing and agreeing to the accounts stated, but then abruptly ceased making payments, and continues to refuse to satisfy its remaining debts.  [TUF 12, 13, 23]  TSC has offered no evidence to support any facts disputing any of these positions.  Without admitting the subject policies were valid, and that the terms are binding on the parties, TSC's Motion would fail on its face.

## VI.    CONCLUSION

In <u>American Title Ins. Co. v. Lacelaw Corp.</u>, 861 F.2d 224, 226-227 (9th Cir. 1988), the Ninth Circuit held "that statements of fact contained in a brief may be considered admissions of the party in the discretion of the court."  Assuming it is finally admitted that the policies are valid, binding, and enforceable, including the terms about Travelers being entitled to perform post-policy audits, Travelers agrees that the alternative causes of action for accounts sated and unjust enrichment are now moot.  However, absent a finding that such an admission has been made and is binding, or a stipulation from TSC along the same lines, Travelers requests this Court deny TSC's Motion, as it has failed to establish, with any evidentiary support, that no genuine disputes exist in relation to Travelers' alternatively pled claims.

As noted above, Travelers does not oppose TSC's request to dismiss Travelers' prayer for attorneys' fees.

Dated:  April 27, 2020                    WESTON & McELVAIN LLP

 /s/ Aaron C. Agness
Aaron C. Agness/Joel A. Graboff
Attorneys for Plaintiff **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

# PROOF OF SERVICE

I, Felicia Ball, declare:

I am employed in the County of Los Angeles, state of California. I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On April 27, 2020, I served a copy of the following document:

**PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S PARTIAL OPPOSITION TO TSC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

By electronically filing the foregoing document with the Clerk of the United States District Court, Central District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 27, 2020 at Inglewood, California.

*Felicia Ball*
FELICIA BALL

# SERVICE LIST

Robert S. Freund  *Attorneys for Defendant,*
**ROBERT FREUND LAW**  TSC Acquisition Corp.
10866 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Telephone:  (323) 553-3407
Facsimile:  *Unavailable*
E-mail:  robert@robertfreundlaw.com

2

PROOF OF SERVICE