1 Robert S. Freund (SBN 287566)
2 ROBERT FREUND LAW
3 10866 Wilshire Boulevard, Suite 400
  Los Angeles, CA 90024
4 Telephone: (323) 553-3407
  Email: robert@robertfreundlaw.com
5
6 Attorneys for Defendant,
  TSC Acquisition Corporation
7

8
9              **UNITED STATES DISTRICT COURT**
10   **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**
11

| | |
|---|---|
| 12 TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | CASE NO.  2:19-cv-03863 PA-SK |
| 13 | **DEFENDANT TSC ACQUISITION CORPORATION'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| 14 Plaintiff, | |
| 15 v. | |
| 16 TSC ACQUISITION CORP., | |
| 17 Defendant. | |
| 18 | [Concurrently filed with Separate Statement of Genuine Issues; Evidentiary Objections; Declarations of Nathan Johnson, David Wilder, and Robert S. Freund] |
| 19 | |
| 20 | |
| 21 | DATE:      May 18, 2020 |
| 22 | TIME:      1:30 p.m. |
| 23 | CTRM:      9A |
| 24 | |
| 25 | Judge:      Hon. Percy Anderson |
| 26 | |
| 27 | Action Filed:    May 3, 2019 |
| | Trial Date:    July 21, 2020 |
| 28 | |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION
TO PLAINTIFF'S MSJ

Pursuant to Local Rule 56-2, Defendant TSC Acquisition Corp ("TSC") hereby submits this Statement of Genuine Disputes in Opposition to Plaintiff Travelers Casualty Company of America's ("Plaintiff") Motion for Summary Judgment.

**UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE**

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS | OBJECTIONS AND RESPONSE |
|---|---|
| 1.  Travelers issued Defendant TSC Acquisition Corp. ("TSC") a policy of workers compensation insurance, Policy No. HJUB-4F12803-3-14, with effective dates of December 31, 2014 to December 31, 2015 (the "2014 Policy"). | Undisputed. |
| 2.  Travelers issued TSC a policy of workers compensation insurance, Policy No. HJUB-7114P39-6-15, with effective dates of December 31, 2015 to December 31, 2016 (the "2015 Policy"). | Undisputed. |
| 3.  The 2014 Policy and 2015 Policy (collectively "Policies") were valid, enforceable, binding contracts between Travelers and TSC, and provided insurance to TSC under the terms, conditions, endorsements, and attachments contained therein. | Lacks foundation; argumentative; improper expert/legal opinion. Fed. R. Evid. 602, 702.<br><br>**Disputed**. TSC disputes that Plaintiff provided insurance under the terms of the Policies. |

1

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| | **Pl. Evidence**:  Gauntlett Decl., ¶¶3-6, 8, and Exhibits A and B attached thereto; TSC's Answer, Doc No. 14, ¶¶6-10, 30-31, and Travelers' Complaint, Doc No. 1, ¶¶6-10, 30-31. **TSC Evidence:** Declaration of David Wilder (Wilder Decl., at ¶¶7,8, 15-18 Exhibit ("Ex.") E; Declaration of Nathan Johnson (Johnson Decl., at ¶¶3-6, 13, 23-24, Ex. G. |
| 4.  The Policies provided that initial premiums would be based on estimates of TSC's gross payroll and that final premiums would be based on post-policy audits to determine the actual, gross payroll: GENERAL SECTION *** **PART FIVE – PREMIUM** **A. Our Manuals** All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a government agency regulating this insurance. **B. Classifications** Item 4 of the Information Page shows the rate and premium basis for certain | Undisputed. |

2

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

**C. Remuneration**

Premium for each work classification is determined by multiplying a rate times premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the service of: 1) All your officers and employees engaged in work covered by this policy; and 2) All other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this Policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

**D. Premium Payments**

You will pay all premium when due. You will pay the premium even if part of all of a workers compensation law is not valid.

**E. Final Premium**

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by

3

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

**F. Records**

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

**G. Audit**

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and withing three years after the policy period ends. Information developed by audit will be used to determine the final premium. Insurance rate service organizations have the same rights we have under this provision.

***

**POLICY AMENDATORY ENDORSEMENT - CALIFORNIA**
WC 04 03 01 (B)

**8.** Part Five, "Premium", E, "Final Premium", is amended to read as follows: The premium shown on the

---

4

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy the balance to you. If the final premium is more than the premium you paid to us, you must pay us the balance.  If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy. ***<br><br>**Policy Audit Information Attachment WUNN7F00**<br><br>Dear Policyholder:<br><br>This policy is issued with an estimated premium based upon information provided through your Producer. This premium is subject to adjustment at the end of the policy period. At that time, you may receive a request for information in the mail or a premium auditor may contact you to review the necessary records. The information developed is needed to determine the final earned premium for this policy. | |
| 5.  Travelers paid in excess of $5 million in workers' compensation benefits under the 2014 Policy. | Lacks foundation and personal knowledge. Fed. R. Evid. 602, 701. |

5

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| | **Disputed**. Travelers only paid out a total of $135,596.96 in loss claims on both the 2014 and 2015 policies. |
| | **Pl. Evidence:** Gauntlett Decl., at ¶8; Soufi Decl., ¶7. |
| | **TSC Evidence**:  Wilder Decl., at ¶15-18, Ex. E. |
| 6.  On May 5, 2016, Travelers representative John Kalinowsky met with TSC's HR Specialist, Christian Gonzalez at TSC's offices to conduct part of the audit of the 2014 Policy. | Lacks Foundation and authentication; vague and ambiguous as to "TSC's offices;" hearsay. Fed. R. Evid. 403, 602, 802, 901. |
| | **Disputed**. TSC's office is not located in Dallas, Texas but in Los Angeles, California, and Christian Gonzales did not attend the audit meeting at Sage Telecom as he was out on bereavement at that time and so notified Travelers' officials. |
| | **Pl. Evidence:**  Kalinowsky Decl., ¶4 and Exhibit D attached thereto. |
| | **TSC Evidence:** Johnson Decl., at ¶¶2, 14-16 Exs. F, H. |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | | |
|---|---|---|
| 1 2 3 4 5 | 7. Mr. Kalinowsky assessed TSC's business and collected the actual gross payroll for the 2014 Policy coverage period, along with other financial information. | Lacks foundation and authentication; prejudicial; vague and ambiguous; hearsay. Fed. R. Evid. 403, 602, 802, 901. |
| 6 7 8 9 10 | | **Disputed**. Plaintiff did not receive complete financial records and correct employee classifications directly from TSC. |
| 11 12 13 14 | | **Pl. Evidence**:  Kalinowsky Decl., ¶¶4-5 and Exhibit E attached thereto. **TSC Evidence**:  Wilder Decl., at ¶¶6, 8; Johnson Decl., at ¶¶15-16. |
| 15 16 17 18 19 20 21 22 | 8.  On July 7, 2016, Travelers issued a Premium Adjustment Notice, notifying TSC of the results of the 2014 Policy premium audit, which totaled $139,211, and the outstanding amount therefore due. | Lacks foundation and authentication; argumentative; hearsay. Fed. R. Evid. 602; 802, 901. 

**Disputed**.  The 2014 policy premium audit was incorrect; therefore, this amount was not outstanding. |
| 23 24 25 26 | | **Pl. Evidence**:  Kalinowsky Decl., ¶¶4-6 and Exhibits D-F attached thereto; Gauntelett Decl., ¶3 and Exhibit A attached thereto at p. 192. |
| 27 28 | | |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| | **TSC Evidence**: Wilder Decl., at ¶¶6, 8-14, Exs. C, D; Johnson Decl., at ¶¶8-9, 16-17 Ex. G; Plaintiff's SUF ¶¶10, 11. |
| 9.  Pursuant to provisions within the 2014 Policy, TSC disputed the initial 2014 Policy audit calculation, arguing certain employee classifications were inaccurate. | Lacks foundation and personal knowledge; hearsay.  Fed. R. Evid. 602, 802, 901.<br><br>Undisputed that TSC disputed the 2014 Policy audit calculation.<br><br>**Disputed,** as TSC also objected to certain payroll calculations.<br><br>**Pl. Evidence**:  Kalinowski Decl., ¶7 and Exhibit G attached thereto.<br>**TSC Evidence**: Wilder Decl., at ¶¶6, 8; Johnson Decl., at ¶19 Ex. I |
| 10.  Travelers considered TSC's appeal, worked with TSC on the issues that were raised regarding the audit of the 2014 Policy, and resolved them in TSC's favor, reducing the audit of the 2014 Policy premium by $8,118. | Vague and ambiguous; prejudicial. Fed. R. Evid. 403.<br><br>**Disputed.** Plaintiff did not "work with TSC;" the process was contentious, and the audit was not resolved in favor of TSC.<br><br>**Pl. Evidence**:  Kalinowsky Decl., ¶8 and Exhibit H attached thereto. |

8

| | |
|---|---|
| | **TSC Evidence**: Johnson Decl., at ¶¶3-6, 14-21, 23-24, Exs. G, I. |
| 11.  On November 23, 2016, Travelers notified TSC of the revised audited premium related to the 2014 Policy, which totaled $131,093, and the amount therefore additionally owed, which amounted to $61,837. | **Disputed.** This amount is was not owed.<br><br>**Pl. Evidence**: Kalinowsky Decl., ¶8 and Exhibit H attached thereto; Gauntlett Decl., ¶9 and Exhibit A attached thereto at p. 200 and Exhibit C attached thereto at p. 356.<br>**TSC Evidence**: Wilder Decl., at ¶¶8-14 Ex. C, D; Johnson Decl., at ¶¶3-6, 16-17, 20-21, Ex. G. |
| 12.  On October 18, 2016, TSC made a payment of $8,597.74 towards the outstanding 2014 Policy premium. | Undisputed that TSC made certain payments towards the 2014 Policy premium.<br><br>**Disputed**, the payment was not made towards any revised 2014 Policy premium but to keep negotiations on the 2014 and 2015 audits moving forward.<br><br>**Pl. Evidence**:  Exhibit C attached to the Gauntlett Decl., p. 356.<br>**TSC Evidence**: Johnson Decl., at ¶21. |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| 13.  On March 27, 2017, TSC made a payment of $10,000.00 towards the outstanding 2014 Policy premium. | Undisputed that TSC made certain payments towards the 2014 Policy premium.<br><br>**Disputed**, as the payment was made towards any revised 2014 Policy premium but to keep negotiations on the 2014 and 2015 audits moving forward.<br><br>**Pl. Evidence:**  13.  Exhibit C attached to the Gauntlett Decl., p. 356.<br>**TSC Evidence**: Johnson Decl., at ¶21. |
| 14.  Travelers received a total of $87,839.74 towards the 2014 Policy premium, leaving $43,253.26 due and owing. | Argumentative; improper expert/legal opinion. Fed. R. Evid. 702.<br><br>Undisputed that TSC made certain payments towards the 2014 Policy premium.<br><br>**Disputed**, that any money was due and owing on the 2014 Policy.<br><br>**Pl. Evidence:**  Exhibit C attached to the Gauntlett Decl., p. 356; Gauntlett Decl., ¶¶9, 11. |

10

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION
TO PLAINTIFF'S MSJ

| | |
|---|---|
| | **TSC Evidence**: Wilder Decl., at ¶¶8, 13, Ex. C; Johnson Decl., at ¶¶2-6, 13-18 Ex. F, G and I. |
| 15. Travelers did not receive any objection to, or dispute regarding the revised audited 2014 Policy premium. | Irrelevant. Fed. R. Evid. 401, 402.<br><br>**Disputed**.  TSC continually disputed the revised audited 2014 Policy premium from August 24, 2016 to present.<br><br>**Pl. Evidence**: Gauntlett Decl., ¶14; Kalinoswky Decl., ¶9.<br>**TSC Evidence**: Wilder Decl., at ¶¶9-14, Ex. C, D; Johnson Decl., ¶¶21-23. |
| 16.  On March 6, 2018, Travelers' representative, Nerissa Soufi, met with TSC's Controller, David E. Wilder, and Accounting and Payroll Manager, Olegario Gonzalez at TSC's offices to conduct part of the audit of the 2015 Policy. | Disputed based on evidentiary objections.  Lacks foundation; hearsay. Fed. R. Evid. 602, 802, 901. |
| 17.  Ms. Soufi assessed TSC's business and collected the actual gross payroll for the 2015 Policy coverage period, along with other financial information. | Disputed based on evidentiary objections.  Lacks foundation; hearsay. Fed. R. Evid. 602, 802, 901. |

11

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| 18.  Travelers used TSC's actual gross payroll data, along with its manual of rules, rates, ratings, and classifications, and determined the audited premium for the 2015 Policy was $286,290. | Lacks foundation; hearsay. Fed. R. Evid. 602, 802, 901.<br><br>**Disputed**, to the extent the audited premium was based on an experience modifier as described in paragraph 7 of the Soufi Declaration.<br><br>**Pl. Evidence**:  Soufi Decl., ¶¶5, 8 and Exhibits J and K attached thereto.<br>**TSC Evidence**: Wilder Decl., at ¶¶15-18 Ex. D, E; Johnson Decl., at ¶¶13, 23. |
| 19.  The final audited 2015 Policy premium was $155,197 more than the final audited 2014 Policy premium, which was primarily due to the increased risk in insuring TSC. | Lacks foundation; hearsay. Fed. R. Evid. 602, 802, 901.<br><br>**Disputed**. There was no increased risk as the expo modification and any sales-related employee classifications were incorrect and/or false.<br><br>**Pl. Evidence**:  Soufi Decl., ¶6 and compare Exhibit K attached thereto with Kalinowsky Decl., ¶8 and Exhibit H attached thereto.<br>**TSC Evidence**: Wilder Decl., at ¶¶5, 15-18 Ex. D, E; Johnson Decl., at ¶13. |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| 20.  Final premium calculations take into consideration an "experience modifier", which can either lead to additional charges, or to a discount on the premium, based on TSC's history, or lack thereof, of filing claims and the amount of benefits paid out in relation thereto. | Disputed based on evidentiary objections.  Lacks foundation; mischaracterizes evidence; prejudice. Fed. R. Evid. 401, 402, 403. |
| 21.  On June 27, 2018, Travelers notified TSC of the final audited premium related to the 2015 Policy, which totaled $286,290, and the amount that was additionally owed, $237,230. | Argumentative; improper expert/legal opinion. Fed. R. Evid. 702.<br><br>**Disputed.** These figures do not accurately reflect the final 2015 Policy premium.<br><br>**Pl. Evidence**: Soufi Decl., ¶8 and Exhibit K attached thereto; Gauntlett Decl., ¶¶10, 12.<br>**TSC Evidence**: Wilder Decl., at ¶¶15-18 Ex. D, E; Johnson Decl., at ¶¶8, 3-6, 23-24. |
| 22.  Prior to this suit, TSC never notified Travelers of any objections or disputes it had related to the audited 2015 Policy premium and has failed to remit any payment for the additional $237,230 that remains due and owing. | Irrelevant. Fed. R. Evid. 401, 402.<br><br>**Disputed**. TSC objected to and disputed the audited 2015 Policy premium on multiple occasions, including refusing to remit additional |

13

| | |
|---|---|
| | payment. No additional amount was due and owing.<br><br>**Pl. Evidence**:  Soufi Decl., ¶9; Gauntlett Decl., ¶¶10, 12, 14.<br>**TSC Evidence**: Wilder Decl., at ¶14; Johnson Decl., at ¶¶23, 24. |
| 23.  Prior to this suit, Travelers reached out to TSC on multiple occasions requesting remittance of the outstanding premiums owed: $43,253.26 for the 2014 Policy and $237,230 for the 2015 Policy; for a combined debt of $280,483.26. | Argumentative, improper expert/legal opinion; lacks foundation and authentication; hearsay. Fed. R. Evid. 602, 702, 802, 901.<br><br>**Disputed.** TSC does not owe money under either policy.<br><br>**Pl. Evidence**:  Gauntlett Decl., ¶¶13, 15 and Exhibit C attached thereto; TSC's Answer, Doc No. 14, ¶16, and Travelers' Complaint, Doc No. 1, ¶16.<br>**TSC Evidence**: Wilder Decl., at ¶¶5, 7-8, 15-18, Exs. C, D, E; Johnson Decl., at ¶ 3-6, 13, 23-24, Ex. I. |
| 24.  During this suit, TSC has failed to produce any documentation, testimony, or expert analysis to dispute Travelers' audit calculations or causes of action. | Irrelevant.  Fed. R. Evid. 401, 402.<br><br>**Disputed.**<br><br>**Pl. Evidence:**  Agness Decl., ¶4. |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | **TSC Evidence**: Freund Decl., at ¶3. |
|---|---|

| **ADDITIONAL MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 25.  TSC paid the entire initial policy premium for both 2014 and 2015 Policies. | Wilder Decl., at ¶3; Johnson Decl., at ¶ 24; Guantlett Decl. at p. 15, 219; Mot. at 11, n. 5. |
| 26.  TSC is 100% state and federally funded and does not sell any products or services at either the retail or wholesale level.  Lifeline wireless customers receive free monthly service, free airtime each month, and a free handset. All of TSC's income is derived from both state (California) and federal taxes, which are used to pay for the wireless minutes provided through the LifeLine program. There is no financial transaction, collection of any amount from the customer, and no bill is rendered to the customer for LifeLine service. | Johnson Decl., at ¶¶ 3-6, Ex. G. |
| 27.  TSC LifeLine service is not a "prepaid" service. | Johnson Decl., at ¶¶ 3-6, Ex. G. |
| 28.  WCIRB employee classification code 8017 ("STORES—retail—N.O.C.") applies to *retail stores engaged in the sale of items* not more | Freund Decl., at ¶ 2, Ex. J. |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

| | |
|---|---|
| specifically described by another store classification, including but not limited to appliances, artwork, baked goods, cellular telephones, ...." | |
| 29.  John Kalinowsky visited Sage Telecom, Inc.'s ("Sage") office in Dallas, Texas on May 5, 2016, not TSC's office, and did not meet with Christian Gonzales, who was on bereavement leave. | Johnson Decl. at ¶¶2, 15, Exs. F, H. |
| 30.  Sage was a wholly owned subsidiary of TSC without access, knowledge, or comprehension of the financials for TSC that would be needed for Plaintiff to properly conduct the 2014 Policy audit. | Wilder Decl., at ¶¶6-8; Johnson Decl. at ¶¶8-9, 14-17. |
| 31.  Any financial records obtained from Sage would not have reflected accurate or complete and consolidated financial records of TSC. | Wilder Decl., at ¶¶6-8; Johnson Decl. at ¶¶6, 8-9, 14-17; Soufi Decl., ¶ 4, Ex. I; Kalinowsky Decl., ¶¶4-5, Ex. D. |
| 32. Both the 2014 and 2015 Policies improperly reclassified employees from clerical designations to retail or outside sales, among other misclassifications. | Wilder Decl., at ¶¶6, 9-10, 12, 14; Johnson Decl. at ¶¶3-6, 14-21, 23-24, Ex. G, I. |
| 33. Both the 2014 and 2015 Policies premium inexplicably increased during | Wilder Decl., at ¶¶6-8; Johnson Decl. at ¶¶ 14-17; Soufi Decl., at Ex. I; |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION
TO PLAINTIFF'S MSJ

| | |
|---|---|
| a period when TSC eliminated the majority of its workforce in Dallas. | Kalinowsky Decl., ¶5 at Exs. E, F and H. |
| 34. Travelers' Loss Run states Travelers only paid $148,122.76 in losses attributable to the 2014 and 2015 Policy. | Wilder Decl., at ¶¶15-18, Ex. E. |
| 35. Plaintiff based the 2015 Policy adjustments on an erroneous experience modification. | Wilder Decl., at ¶¶15-18, Ex. E; Johnson Decl. at ¶13; Soufi Decl., ¶¶5, 8, Exs J, K; Gauntlett Decl., at ¶8; Kalinowsky Decl., ¶5 at Ex. H. |
| 36. At all relevant times, TSC openly and continuously contested and disputed both the 2014 and 2015 Policy audits directly with Plaintiff. | Wilder Decl., at ¶¶ 6-18, Exs. A, B C, and D; Johnson Decl., at ¶¶ 3-6, 14-21, 23-24, Ex. I; Kalinowsky Decl., ¶7. |
| 37. At all relevant times, TSC openly and continuously contested and disputed both the 2014 and 2015 Policy audits with Plaintiff's collection agency. | Wilder Decl., at ¶7, Ex. B; Johnson Decl., at ¶24. |
| 38. TSC made some payment towards the alleged balance, as a gesture of good faith—not as any admission as to the accuracy of the audits. | Johnson Decl., at ¶ 21. |

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MSJ

1  DATED:  April 27, 2020          ROBERT FREUND LAW

2

3                                  By    */s/ Robert S. Freund*

4                                        Robert S. Freund
                                         Attorneys for Defendant
5                                        TSC ACQUISITION CORPORATION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

18

TSC'S SEPARATE STATEMENT OF GENUINE ISSUES IN OPPOSITION
TO PLAINTIFF'S MSJ