Robert S. Freund (SBN 287566)
ROBERT FREUND LAW
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (323) 553-3407
Email: robert@robertfreundlaw.com

Attorneys for Defendant,
TSC Acquisition Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TSC ACQUISITION CORP.,<br><br>　　　　Defendant. | CASE NO.  2:19-cv-03863 PA-SK<br><br>**DEFENDANT TSC ACQUISITION CORPORATION'S EVIDENTIARTY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Concurrently filed with Opposition; Separate Statement of Genuine Issues; Declarations of Nathan Johnson, David Wilder, and Robert S. Freund]<br><br>DATE:　　　May 18, 2020<br>TIME:　　　1:30 p.m.<br>CTRM:　　　9A<br><br>Judge:　　　Hon. Percy Anderson<br><br>Action Filed:　　May 3, 2019<br>Trial Date:　　　July 21, 2020 |

DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE
STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MSJ

Pursuant to this Court's Scheduling Order (Dkt. 20), Defendant TSC Acquisition Corporation ("TSC") hereby submits the following evidentiary objections to Plaintiff Travelers Property Casualty Company of America's ("Plaintiff") Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment or in the Alternative Partial Summary Judgment.

## EVIDENTIARY OBJECTIONS

Separate Statement Paragraph 3.  Objection to the supporting Gauntlett Decl., paragraphs 3 and 4 on the grounds that the witness's statement that plaintiff "provided insurance to TSC under the terms and conditions" of the Policies is argumentative, and the witness is not qualified to provide a legal opinion.  Objection to the supporting Guantlett Decl., paragraph 6 on the grounds that the witness's statement that "[t]he Policies are valid, binding, enforceable contracts between Travelers and TSC" is argumentative, and the witness is not qualified to provide a legal opinion.  Fed. R. Evid. 702.  Plaintiff did not "provide insurance to TSC under the terms," because it misclassified employees during the 2014 and 2015 Policy Audit and applied an incorrect experience modifier to more than triple the 2015 Policy premium in bad faith, breaching the Policies.

Separate Statement Paragraph 5.  Objection to the supporting Gauntlett Decl., ¶ 8 and Soufi Decl., ¶ 7 on the grounds that they lack foundation and the witnesses lack personal knowledge of the subject matter.  Fed. R. Evid. 602, 701.

Separate Statement Paragraph 6.  Objection to the supporting Kalinowsky Decl., paragraph 4 on the grounds that "TSC's office" is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  TSC does not have an office in Dallas, Texas. Objection to the supporting Kalinowsky Decl., Exhibit D on the ground that it lacks foundation and authentication.  The witness states that he conducted "part of" the audit

1

and does not state that he generated the document that is Exhibit D, and the document is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 403, 602, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (document lacked foundation where party "failed to submit an affidavit from [witness] stating that he wrote the memo").

Separate Statement Paragraph 7.  Objection to the supporting Kalinowski declaration at paragraphs 4-5 on the grounds that "relevant financial documents" is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  The witness received incomplete information and was not provided with documents and information regarding office layoffs by Sage in Texas, skewing the audits.  Objection to the supporting Kalinowski Decl., Exhibit E on the ground that it lacks foundation and authentication. The witness does not state that he generated the "Excel Workbooks" that are Exhibit E, and the document is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 403, 602, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (document lacked foundation where party "failed to submit an affidavit from [witness] stating that he wrote the memo").

Separate Statement Paragraph 8.  Objection to the supporting Kalinowsky Decl., Exhibit D on the ground that it lacks foundation and authentication.  The witness states that he conducted "part of" the audit and does not state that he generated the document that is Exhibit D, and the document is inadmissible hearsay and no exception is applicable.  Objection to the supporting Kalinowski Decl., Exhibit E on the ground that it lacks foundation and authentication.  The witness does not state that he generated the "Excel Workbooks" that are Exhibit E, and the document is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 802, 901; *see Orr v. Bank of Am., NT & SA*, 285

2

DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MSJ

F.3d 764, 777 (9th Cir. 2002) (document lacked foundation where party "failed to submit an affidavit from [witness] stating that he wrote the memo").

Separate Statement Paragraph 9.  Objection to the supporting Kalinowski Decl., paragraph 7 on the grounds that it lacks foundation and the witness lacks personal knowledge of the subject matter.  Objection to the supporting Kalinowski Decl., Exhibit G on the grounds that it lacks foundation and authentication.  The witness was not a recipient of the document, and the e-mails from Plaintiff's "Resolution Specialist" to Nathaniel Law are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 602, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002) (excluding document that was not authenticated where witness "lack[ed] personal knowledge of the letter").

Separate Statement Paragraph 10.  Objection to the supporting Kalinowski Decl., paragraph 8 on the grounds that the phrase "adjusting the calculation in TSC's favor" is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.  Plaintiff did not adjust the premium calculation in TSC's favor; rather, Plaintiff continued to assess TSC invalid and erroneous premium adjustments.

Separate Statement Paragraph 14.  Objection to the supporting Gauntlett Decl., paragraph 11 on the grounds that the statement is argumentative, and the witness is not qualified to provide a legal opinion.

Separate Statement Paragraph 15.  Objection to the supporting Kalinowski Decl., paragraph 9 and the supporting Gauntlett Decl., paragraph 14 on the grounds that whether the witnesses are "aware" of whether TSC disputed the policy adjustments is irrelevant.  Fed. R. Evid. 401, 402.

3

DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE
STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MSJ

Separate Statement Paragraph 16.  Objection to the supporting Soufi Decl., Exhibit I on the ground that it lacks foundation and authentication.  Ms. Soufi states that she conducted "part of" the audit and does not state that she generated the document that is Exhibit I, and the document is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 602, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (document lacked foundation where party "failed to submit an affidavit from [witness] stating that he wrote the memo").

Separate Statement Paragraph 17.  Objection to the supporting Soufi Decl., Exhibit J on the ground that it lacks foundation and authentication.  Ms. Soufi does not state that she generated the "Excel Workbooks" that are Exhibit J, and the document is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 602, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (document lacked foundation where party "failed to submit an affidavit from [witness] stating that he wrote the memo").

Separate Statement Paragraph 18.  Objection to the supporting Soufi Decl., Exhibit J on the ground that it lacks foundation and authentication.  Ms. Soufi does not state that she generated the "Excel Workbooks" that are Exhibit J, and the document is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 602, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (document lacked foundation where party "failed to submit an affidavit from [witness] stating that he wrote the memo").

Separate Statement Paragraph 19.  Objection to the supporting Soufi Decl., paragraph 6 on the grounds that it lacks foundation and mischaracterizes the evidence regarding the adjusted premiums to the extent that the witness claims that the 2015 Policy premium increase "was almost entirely the result of the substantially greater risk in

4

insuring TSC in 2015," such that the statement's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 401, 402, 403.

Separate Statement Paragraph 20.  Objection to the supporting Soufi Decl., paragraph 6 on the grounds that it lacks foundation and mischaracterizes the evidence regarding the adjusted premiums to the extent that the witness claims that the 2015 Policy premium increase "was almost entirely the result of the substantially greater risk in insuring TSC in 2015," such that the statement's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 401, 402, 403.

Separate Statement Paragraph 21.  Objection to the supporting Gauntlet Decl., paragraph 12 on the grounds that the statement is argumentative, and the witness is not qualified to provide a legal opinion.  Fed. R. Evid. 702.

Separate Statement Paragraph 22.  Objection to the supporting Soufi Decl., paragraph 9 and the supporting Gauntlett Decl., paragraph 14 on the grounds that whether the witnesses are "aware" of whether TSC disputed the policy adjustments is irrelevant.  Fed. R. Evid. 401, 402.

Separate Statement Paragraph 23.  Objection to the supporting Gauntlett Decl., paragraph 15 on the grounds that the statement is argumentative, and the witness is not qualified to provide a legal opinion.  Objection to the supporting Gauntlett Decl., Ex. C on the grounds that the document lacks foundation and authentication.  The witness was not a recipient of the document, and the October 9, 2018 e-mail from Plaintiff's "Regional Controller" is inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 702, 802, 901; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)

5

(excluding document that was not authenticated where witness "lack[ed] personal knowledge of the letter").

Separate Statement Paragraph 24.  Objection to the supporting Agness Decl., paragraph 4 on the grounds that it is irrelevant to any issue raised in Plaintiff's motion. Fed. R. Evid. 401, 402.

DATED:  April 27, 2020                    ROBERT FREUND LAW

                              By    */s/ Robert S. Freund*_____
                                    Robert S. Freund
                                    Attorneys for Defendant
                                    TSC ACQUISITION CORPORATION

DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MSJ