Robert S. Freund (SBN 287566)
ROBERT FREUND LAW
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (323) 553-3407
Email: robert@robertfreundlaw.com

Kevin J. Cole (SBN 321555)
KJC LAW GROUP, A.P.C.
6700 Fallbrook Avenue, Suite 207
West Hills, CA 91307
Telephone: (818) 392-8995
Email: kevin@kjclawgroup.com

Attorneys for Defendant
*TSC Acquisition Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TSC ACQUISITION CORP.,<br><br>Defendant. | CASE NO.  2:19-cv-03863 PA-SK<br><br>**TSC ACQUISITION CORP.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**<br><br>Judge:      Hon. Percy Anderson<br><br>Action Filed:   May 3, 2019<br>Pretrial Conf.:   June 19, 2020<br>Trial Date:    July 21, 2020 |

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# <u>TABLE OF CONTENTS</u>

**Page**

I. SUMMARY STATEMENT OF THE CLAIMS PLAINTIFF HAS PLEADED AND PLANS TO PURSUE ..................................................1

II. ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S SINGLE REMAINING CLAIM ......................................................................1

    A. Elements .......................................................................................1

    B. Brief Description of the Key Evidence in Opposition ..................2

III. SUMMARY STATEMENT OF THE AFFIRMATIVE DEFENSES DEFENDANT HAS PLEADED AND PLANS TO PURSUE..................3

IV. THE ELEMENTS REQUIRED TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES.............................................................4

    A. First Affirmative Defense: Failure to Mitigate .............................4

        1. Elements of Failure to Mitigate. ...........................................4

        2. Brief Description of the Key Evidence in Support. ...............4

    B. Second Affirmative Defense: Unclean Hands ................................4

        1. Elements of Unclean Hands.................................................4

        2. Brief Description of the Key Evidence in Support. ...............5

    C. Third Affirmative Defense: Offset ................................................6

        1. Elements. ...............................................................................6

        2. Brief Description of the Key Evidence in Support. ...............6

    D. Fourth Affirmative Defense: No Injury .........................................6

        1. Elements of No Injury...........................................................6

        2. Brief Description of the Key Evidence in Support. ...............6

    E. Fifth Affirmative Defense: Full Payment ......................................7

        1. Elements.................................................................................7

        2.      Brief Description of the Key Evidence in Support. ............................ 7

   F.     Sixth Affirmative Defense: No Breach ........................................ 7

       1.      Elements. ........................................................................ 7

       2.      Brief Description of the Key Evidence in Support. ............................ 7

V.    ANTICIPATED EVIDENTIARY ISSUES. ............................................. 8

VI.   ISSUES OF LAW GERMANE TO THE CASE ....................................... 8

VII.  BIFURCATION ....................................................................... 8

VIII. JURY TRIAL ......................................................................... 8

IX.   ATTORNEYS' FEES .................................................................. 9

X.    ABANDONMENT OF ISSUES ....................................................... 9

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Beacon Theatres, Inc. v. Westover*,
    359 U.S. 500 (1959)..............................................................................8

*Danjaq LLC v. Sony Corp.*,
    263 F.3d 942 (9th Cir. 2001) .............................................................9

*Dependable Highway Express, Inc. v. Rim Logistincs, Ltd.*,
    No. CV184261SJOAGRX, 2019 WL 988680 (C.D. Cal. Jan. 28, 2019) .................5, 7

*Shum v. Intel Corp.*,
    499 F.3d 1272 (Fed. Cir. 2007) ..........................................................8

**State Cases**

*Archdale v. Am. Int'l Specialty Lines Ins. Co.*,
    154 Cal.App.4th 449 (2007) ................................................................7

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
    2 Cal 4th 342 (1992) ...........................................................................5

*Consolidated World Investments, Inc. v. Lido Preferred Ltd.*,
    9 Cal.App.4th 373 (1992) ....................................................................7

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,
    133 Cal. App. 4th 658 (2005) ..............................................................5

*Richman v. Hartley*,
    224 Cal.App.4th 1182 (2014) ...............................................................2

*Shaffer v. Debbas*,
    17 Cal.App.4th 33 (1993) ....................................................................4

*Unilogic, Inc. v. Burroughs Corp.*,
    10 Cal.App.4th 612 (1992) ...................................................................5

**State Statutes**

California Civil Code § 3426.4 ..............................................................9

California Code of Civil Procedure § 431.70 ...........................................6

iii

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Rules**

Federal Rules of Civil Procedure, Rule 16 ...........................................................................1

USDC, Central District of Califonria Local Rules, Rule 16-2.8 .......................................1

USDC, Central District of Califonria Local Rules, Rule 16-4 ...........................................1

**Other Authorities**

California Civil Jury Instructions (CACI) No. 303 ............................................................2

California Civil Jury Instructions (CACI) No. 358 ............................................................4

iv
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-4, Defendant TSC Acquisition Corp. ("TSC") submits the following Memorandum of Contentions of Fact and Law.  These contentions are based on the parties' disclosures regarding their contentions of fact and law pursuant to Local Rule 16-2.8.  TSC reserves the right to revise these contentions in the event Plaintiff Travelers Property Casualty Company of America ("Travelers") attempts to revise its claims or defenses for trial.

# I.   SUMMARY STATEMENT OF THE CLAIMS PLAINTIFF HAS PLEADED AND PLANS TO PURSUE

Travelers will bring the following claims at trial:

**Claim 1 (Breach of Contract):**  Travelers claims TSC is liable for breach of contract for not paying certain insurance premiums due under certain policies issued to TSC (the "Policies").

**Claim 2 (Accounts Stated):**  Travelers pleaded a cause of action against TSC for accounts stated, which was predicated on TSC's alleged breach of express contract (i.e., breach of the Policies).  But the Court dismissed this claim in its May 19, 2020 combined Order on Travelers' Motion for Summary Judgment and TSC's Motion for Partial Judgment on the Pleadings.  *See* Dkt. No. 34.  Therefore, this claim will not be litigated before the jury.

**Claim 3 (Unjust Enrichment):**  Travelers also pleaded a cause of action against TSC for unjust enrichment, which, as with its claim for accounts stated, was predicated on TSC's alleged breach of express contract (i.e., breach of the Policies).  The Court dismissed this claim in its May 19, 2020 Order.  *See* Dkt. No. 34.  Therefore, this claim will not be litigated before the jury.

# II.   ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S SINGLE REMAINING CLAIM

## A.   Elements

To establish its breach of contract claim, Travelers must establish all of the following:

1

1.     That Travelers and TSC entered into a contract (i.e., the Policies);

2.     That Travelers did all, or substantially all, of the significant things that the contract required it to do;

3.     That TSC failed to do something that the contract required it to do;

4.     That Travelers was harmed; and

5.     That TSC's breach of contract was a substantial factor in causing Travelers' harm.

*See* California Civil Jury Instructions (CACI) No. 303; *see also Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014) ("To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) plaintiff's performance of the contract or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff.").

### B.    <u>Brief Description of the Key Evidence in Opposition</u>

Ample evidence will show that Travelers' claim for breach of contract fails for at least two reasons.

*First*, Travelers did not perform its audits in good faith, excusing any alleged breach or nonperformance by TSC.

*Second*, Travelers' demands for payment of the inflated premium adjustments contravene the plain language of the Policies. Under the Policies, Travelers was permitted to conduct audits and adjust premiums, but it was obligated to set those premiums using "proper classifications and rates that lawfully apply to [TSC's] business and work covered by [the] policy." *See* Dkt. No. 26-3 (Gauntlett Decl.) at pp. 32, 236. Travelers breached the implied covenant of good faith and fair dealing (thereby failing to do something that the contract required it to do, and excusing TSC's alleged non-performance), when Travelers, in contravention of the Policies' language, did not set TSC's premiums using "proper classifications and rates that lawfully apply to TSC's business and work covered by the policy."

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

TSC will show, including through the testimony of Matthew Johnson and Nathan Johnson (the co-chief executive officers of TSC), the audit documents produced by Travelers, and through CPUC General Order 153, that Travelers blindly reclassified covered employees into more expensive codes that could not have applied to any of TSC's employees during the policy periods.

## III. SUMMARY STATEMENT OF THE AFFIRMATIVE DEFENSES DEFENDANT HAS PLEADED AND PLANS TO PURSUE

TSC raises the following affirmative defenses:

**First Affirmative Defense: Failure to Mitigate.** Travelers failed to mitigate its alleged damages, if any.

**Second Affirmative Defense: Unclean Hands.** Travelers' alleged damages are the result of its own unfair and improper audit analysis that breached the implied covenant of good faith and fair dealing, not any wrongdoing of TSC.

**Third Affirmative Defense: Offset.** TSC alleges it is entitled to offset and recoup against any judgment that may be entered against it on any obligations that Travelers owes TSC.

**Fourth Affirmative Defense: No Injury.** Travelers does not have any particularized or concrete injury. TSC did not breach the Policies and does not owe Travelers any outstanding balance.

**Fifth Affirmative Defense: Full Payment.** Travelers' claim is barred because the amounts Travelers claims it is owed were, in fact, paid or provided to Travelers. TSC paid Travelers properly under the Policies.

**Sixth Affirmative Defense: No Breach.** TSC did not breach any agreement between TSC and Travelers.

TSC notes that it pleaded a number of defenses in its Answer to Traveler's Complaint that are based on TSC's inability to prove an element of its claims for which Travelers bears the burden of proof, *i.e.*, defenses that are not true affirmative defenses.

TSC reserves the right to assert any of these defenses in the form of a challenge that Travelers has failed to prove its claims.

## IV. THE ELEMENTS REQUIRED TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES

### A. First Affirmative Defense: Failure to Mitigate

#### 1. Elements of Failure to Mitigate.

Travelers' claim for breach of contract fails because, assuming TSC's breach caused Travelers' harm, (1) Travelers' damages could have been avoided with reasonable efforts or expenditures, and (2) Travelers did not undertake reasonable steps to avoid its alleged harm. *See*, *e.g.*, *Shaffer v. Debbas*, 17 Cal.App.4th 33, 41 (1993) ("A plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided."); CACI 358.

#### 2. Brief Description of the Key Evidence in Support.

TSC will show that, even assuming TSC breached its contract with Travelers (it did not) and that Travelers was financially harmed (it was not), the $280,483.26 plus interest that Travelers claims in damages could have been mitigated. More specifically, Travelers could have mitigated its damages had it attempted good faith negotiations with TSC to address the allegedly unpaid premiums, offered or entertained a reasonable settlement proposal, or brought its lawsuit earlier. Beginning in 2016, Travelers acknowledged that its classification of TSC's employees was the primary reason for the premium increase, but it failed to address the November 4, 2016 email from TSC's general counsel, which sought to clarify TSC's position as to why its employees were misclassified by Travelers.

### B. Second Affirmative Defense: Unclean Hands

#### 1. Elements of Unclean Hands.

Travelers' claim for breach of contract also fails because it comes into this lawsuit with unclean hands. Travelers should not be able to prevail on its breach of contract claim because it did not comply with the Policies in good faith. The unclean hands doctrine

applies "if the inequitable conduct occurred in a transaction directly related to the matter before the court and affects the equitable relationship between the litigants." *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.App.4th 612, 621 (1992) (finding that plaintiff's orchestrated scheme to defraud investors and its subsequent liability for the same barred plaintiff's right to seek damages from its attorneys for its conduct arising out of the same transactions); *see also Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 680-81 (2005) (there must be a direct relationship between the misconduct and the claimed injuries). "Here, the Court equates unclean hands to breach of the implied covenant of good faith and fair dealing." *Dependable Highway Express, Inc. v. Rim Logistincs, Ltd.*, No. CV184261SJOAGRX, 2019 WL 988680, at *6 (C.D. Cal. Jan. 28, 2019); *see* Dkt. No. 34 (MSJ Order) at p. 13 ("The Court finds that … a genuine dispute exists as to whether Plaintiff complied with the Policies in good faith …."). "Whether Plaintiff suffered damages due to Defendant's alleged breach hinges on whether Plaintiff performed in good faith, which is genuinely in dispute." *Dependable Highway Express, Inc.*, 2019 WL 988680, at *7.

## 2. Brief Description of the Key Evidence in Support.

Travelers mislead TSC by cashing in on its premium payments while at the same time, refusing to address issues of classification raised by TSC. More specifically, Travelers should not be able to (1) cash premium payments in full by TSC, while simultaneously assuring TSC that its Policies were reinstated; (2) pretend to discuss the classification issues raised by TSC, but never actually do so (*see* May 10, 2016 John Kalinowsky email, TSC000004); (3) and sue for breach of contract years later over issues it should have addressed when TSC first raised them. The covenant of good faith and fair dealing is often applied "in situations where one party is invested with a discretionary power affecting the right of another. Such power much be exercised in good faith." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal 4th 342, 371-72 (1992). By failing to address the misclassification issues raised by TSC—or worse, deliberately ignoring them—Travelers breached its implied covenant of good faith and fair dealing. TSC will

show, including through the testimony of Matthew Johnson and Nathan Johnson, the audit documents produced by Travelers, and through CPUC General Order 153, that Travelers blindly reclassified covered employees into more expensive codes that could not have applied to any of TSC's employees during the policy periods.

### C.   <u>Third Affirmative Defense: Offset</u>

#### 1.   Elements.

California Code of Civil Procedure section 431.70 recognizes a statutory right to offset mutual debts.  The statute provides, in relevant part:  "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would be at the time of filing of the answer be barred by the statute of limitations."

#### 2.   Brief Description of the Key Evidence in Support.

TSC has demanded payment from Travelers in connection with Travelers' bad faith in an action currently pending in the Los Angeles Superior Court.  TSC is entitled to offset and recoup against any judgment that may be entered against it to the extent that damages owed to TSC for Travelers' bad faith and TSC's overpaid premiums equal Travelers' demands in this action.

### D.   <u>Fourth Affirmative Defense: No Injury</u>

#### 1.   Elements of No Injury.

Travelers' claim for breach of contract fails because (1) it suffered no injury fairly traceable to TSC's allegedly unlawful conduct, and (2) Travelers does not seek damages that can be redressed by any relief it requests.

#### 2.   Brief Description of the Key Evidence in Support.

Because Travelers did not properly classify TSC's employees, and then failed to follow up and "show its work" on its policy audits at the request of TSC's general counsel

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

(and later, at the request of TSC's David Wilder on October 10, 2017), it cannot claim that any nonpayment of its premiums is traceable to anything TSC did wrong. Specifically, Travelers would needed to have completed a proper audit of its premium increases before TSC could be liable for any injury Travelers incurred.

### E.  Fifth Affirmative Defense: Full Payment

#### 1.  Elements.

Travelers' claim for breach of contract fails because (1) TSC made full payment to Travelers on the debt at issue (the policy premiums), and (2) Travelers accepted those payments.

#### 2.  Brief Description of the Key Evidence in Support.

Travelers will show through its payment records that it paid the entirety of both initial premiums under the Policies, and even made additional payments as a gesture of good faith while attempting to resolve this dispute.

### F.  Sixth Affirmative Defense: No Breach

#### 1.  Elements.

Travelers' claim for breach of contract fails because TSC performed all of its obligations under the contract (other than those duties which were prevented and/or excused). Travelers, on the other hand, did not perform its obligations under the contract. *See Consolidated World Investments, Inc. v. Lido Preferred Ltd.*, 9 Cal.App.4th 373, 380 (1992) ("It is elementary a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was excused from performance.").

#### 2.  Brief Description of the Key Evidence in Support.

"In every contract . . . there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 154 Cal.App.4th 449, 463 (2007). Because Travelers did not perform its audits in good faith, and artificially inflated TSC's premiums, it excused any alleged breach of nonperformance by TSC. *See, e.g., Dependable Highway Express, Inc. v. Rim Logistics, Ltd., No.* CV184261SJOAGRX,

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

2019 WL 988680, at * 6 (C.D. Cal. Jan. 28, 2019) "("Here, the Court equates unclean hands to breach of the implied covenant of good faith and fair dealing.").

## V.   ANTICIPATED EVIDENTIARY ISSUES.

TSC anticipates filing a total of four motions *in limine*:

1. Motion *In Limine* No. 1:  Exclude argument that TSC's identification of a few misclassified employees implies that other employees were not misclassified.

2. Motion *In Limine* No. 2:  Exclude evidence or argument regarding TSC's operations at any time other than the policy periods.

3. Motion *In Limine* No. 3:  Exclude argument that TSC was required to or should have challenged Travelers' audits through Travelers' or the WCIRB's dispute resolution processes.

4. Motion *In Limine* No. 4:  Exclude documents not produced in discovery or attached to the parties' summary judgment briefing and not subject to judicial notice.

## VI.   ISSUES OF LAW GERMANE TO THE CASE

TSC does not presently anticipate that any issues of law may arise at trial, other than the issues raised by the motions *in limine* described above and other evidentiary issues, as well as issues that are not addressed in the parties' proposed jury instructions.

## VII.   BIFURCATION

Bifurcation is not necessary or appropriate in this case.

## VIII.   JURY TRIAL

Travelers has requested a jury trial on all of its claims.  Similarly, TSC has requested a jury trial on its counterclaims and its affirmative defenses.

Although certain of TSC's defenses are equitable in nature, those defenses should also be tried to the jury, as the defenses have significant factual and legal overlap with the jury claims and defenses.  *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959) (same court may determine equitable and jury issues); *see also Shum v. Intel Corp.*, 499 F.3d 1272, 1276-9 (Fed. Cir. 2007) (equitable and jury claims should be tried together

when they share factual commonalities such that bifurcation would raise Constitutional issues); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (legal and factual issues should be tried together where the legal and factual claims involve common issues). For example, both TSC's defense to Travelers' claim for breach of contract and its defense of unclean hands rely on the same underlying conduct: Travelers' inflated premium adjustments and not performing its audits in good faith.

## IX.   ATTORNEYS' FEES

TSC reserves its right to seek attorney's fees in this case pursuant to Cal. Civ. Code Section 3426.4.  The weakness of Travelers' case, as well as its conduct in this litigation, warrants an award of fees.

## X.   ABANDONMENT OF ISSUES

As explained above, the Court dismissed Travelers' causes of action for accounts stated and unjust enrichment.  Travelers cannot raise these claims at trial.

DATED:  June 5, 2020              **ROBERT FREUND LAW**


                    By:   */s/ Robert S. Freund*
                          Counsel for Defendant
                          TSC Acquisition Corporation

DATED:  June 5, 2020              **KJC LAW GROUP**
                          A Professional Corporation


                    By:   */s/ Kevin J. Cole*
                          Counsel for Defendant
                          TSC Acquisition Corporation

MEMORANDUM OF CONTENTIONS OF FACT AND LAW