WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Joel A. Graboff (State Bar No. 316900)
1960 E. Grand Avenue, Suite 400
El Segundo, CA 90245
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
E-mail: aagness@wmattorneys.com
          jgraboff@wmattorneys.com

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

Robert S. Freund (SBN 287566)
ROBERT FREUND LAW
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (323) 553-3407
Email: robert@robertfreundlaw.com

Kevin J. Cole (SBN 321555)
KJC LAW GROUP, A.P.C.
6700 Fallbrook Avenue, Suite 207
West Hills, CA 91307
Telephone: (818) 392-8995
Email: kevin@jkclawgroup.com

Attorneys for Defendant,
TSC Acquisition Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>TSC ACQUISITION CORP.,<br><br>               Defendant. | CASE NO.  2:19-cv-03863 PA-SK<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br><br>Judge:          Hon. Percy Anderson<br><br>Action Filed:   May 3, 2019<br>Trial Date:     July 21, 2020 |

JOINT PROPOSED JURY INSTRUCTIONS

# INDEX

| Number | Title | Authority/Source | Page Number |
|--------|-------|------------------|-------------|
| 1 | DUTY OF JURY | 9th Cir. Model Instruction No. 1.2 | 1 |
| 2 | CLAIMS AND DEFENSES | 9th Cir. Model Instruction No. 1.5 | 2 |
| 3 | BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE | 9th Cir. Model Instruction No. 1.6 | 3 |
| 5 | WHAT IS EVIDENCE | 9th Cir. Model Instruction No. 1.9 | 4 |
| 6 | WHAT IS NOT EVIDENCE | 9th Cir. Model Instruction No. 1.10 | 5 |
| 7 | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. Model Instruction No. 1.11 | 6 |
| 8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Model Instruction No. 1.12, and cmt. thereto | 7 |
| 9 | RULING ON OBJECTIONS | 9th Cir. Model Instruction No. 1.13 | 8 |
| 10 | CREDIBILITY OF WITNESSES | 9th Cir. Model Instruction No. 1.14 | 9 |
| 11 | CONDUCT OF THE JURY | 9th Cir. Model Instruction No. 1.15 | 11 |
| 12 | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. Model Instruction No. 1.17 | 13 |

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Authority/Source | Page Number |
|---|---|---|---|
| 13 | TAKING NOTES | 9th Cir. Model Instruction No. 1.18 | 14 |
| 14 | BENCH CONFERENCES AND RECESSES | 9th Cir. Model Instruction No. 1.20 | 15 |
| 15 | OUTLINE OF TRIAL | 9th Cir. Model Instruction No. 1.21 | 16 |
| 16 | STIPULATIONS OF FACT | 9th Cir. Model Instruction No. 2.2 | 17 |
| 17 | JUDICIAL NOTICE | 9th Cir. Model Instruction No. 2.3 | 18 |
| 18 | IMPEACHMENT EVIDENCE - WITNESS | 9th Cir. Model Instruction No. 2.9 | 19 |
| 19 | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. Model Instruction No. 2.14 | 20 |
| 20 | CHARTS AND SUMMARIES IN EVIDENCE | 9th Cir. Model Instruction No. 2.15 | 21 |
| 21 | DUTY OF JURY | 9th Cir. Model Instruction No. 1.4 | 22 |
| 22 | BREACH OF CONTRACT – INTRODUCTION | CACI 300 | 23 |

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Authority/Source | Page Number |
|---|---|---|---|
| 23 | BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS | CACI 303 | 24 |
| 26 | INTRODUCTION TO CONTRACT DAMAGES | CACI 350 | 25 |
| 27 | OBLIGATION TO PAY MONEY ONLY | CACI 355 | 26 |
| 29 | DUTY TO DELIBERATE | 9th Cir. Model Instruction No. 3.1 | 27 |
| 30 | CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY | 9th Cir. Model Instruction No. 3.2 | 28 |
| 31 | COMMUNICATION WITH COURT | 9th Cir. Model Instruction No. 3.3 | 30 |
| 32 | RETURN OF VERDICT | 9th Cir. Model Instruction No. 3.5 | 31 |

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 1 – DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Authority/Source:**

9th Cir. Model Instruction No. 1.2

**INSTRUCTION NO. 2 – CLAIMS AND DEFENSES**

      To help you follow the evidence, I will give you a brief summary of the positions of the parties:

      The plaintiff asserts that it entered into two insurance policies with TSC and that TSC breached each of the insurance policies by not paying all of the premiums owed. The plaintiff has the burden of proving these claims.

      The defendant denies those claims and also contends thatTravelers misclassified defendant's business in order to increase its premium payments.

      The defendant has the burden of proof on these affirmative defenses.

      The plaintiff denies the defendant's affirmative defenses.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 1.3

**INSTRUCTION NO. 3 – BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority/Source:**

9th Cir. Model Instruction No. 1.6

**INSTRUCTION NO. 5 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.


**Authority/Source:**

9th Cir. Model Instruction No. 1.9

4

**INSTRUCTION NO. 6 – WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority/Source:**

9th Cir. Model Instruction No. 1.10

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO.  7 – EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 1.11

6

**INSTRUCTION NO. 8 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority/Source:**

9th Cir. Model Instruction No. 1.12, and cmt. thereto.

**INSTRUCTION NO. 9 – RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority/Source:**

9th Cir. Model Instruction No. 1.13

8

**INSTRUCTION NO. 10 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 1.14

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 11 – CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to

11

learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on the evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath the follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to outside information, please notify the court immediately.

**Authority/Source:**

9th Cir. Model Instruction No. 1.15

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 12 – NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 1.17

**INSTRUCTION NO. 13 – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority/Source:**

9th Cir. Model Instruction No. 1.18

**INSTRUCTION NO. 14 – BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority/Source:**

9th Cir. Model Instruction No. 1.20

**INSTRUCTION NO. 15 – OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority/Source:**

9th Cir. Model Instruction No. 1.21

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 16 – STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

1. Travelers issued two consecutive policies of workers' compensation insurance to TSC.
2. The first workers' compensation policy covered December 31, 2014 to December 31, 2015, while the second workers' compensation policy covered December 31, 2015 to December 31, 2016.
3. The policies were valid, binding, enforceable contracts of insurance between Travelers and TSC.
4. The policies provided for initial premiums to be based on estimates of TSC's gross payroll, subject to verification and change by audit based on TSC's actual gross payroll and the proper classifications and rates that apply to TSC's business.
5. Travelers provided workers' compensation insurance to TSC during the coverage periods.
6. Travelers performed audits of both policies at the expiration of the coverage windows and provided TSC with the results.
7. TSC paid the initial premiums under both policies.
8. TSC has not remitted payment for the amounts Travelers has requested pursuant to the audits of the policies.

**Authority/Source:**

9th Cir. Model Instruction No. 2.2

17

**INSTRUCTION NO. 17 – JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [_____]. You must accept this fact as true.


**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 2.3

**INSTRUCTION NO. 18 – IMPEACHMENT EVIDENCE - WITNESS**

  The evidence that a witness has been convicted of a crime, or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 2.9

**INSTRUCTION NO. 19 – CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 2.14

**INSTRUCTION NO. 20 – CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority/Source:**

9th Cir. Model Instruction No. 2.14

**INSTRUCTION NO. 21 – DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority/Source:**

9th Cir. Model Instruction No. 1.4

**INSTRUCTION NO. 22 – BREACH OF CONTRACT—INTRODUCTION**

Travelers claims that it and TSC entered into contracts for workers compensation insurance. Travelers claims that TSC breached these contracts by failing to pay premiums owed under the policies.  Travelers also claims that TSC's breach of these contracts caused harm to Travelers for which TSC should pay. TSC denies it has breached the contracts of workers' compensation insurance issued by Travelers.  TSC also claims that Travelers acted with unclean hands.

**Authority/Source:**

CACI 300

**INSTRUCTION NO. 23 – BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS**

To recover damages from TSC for breach of contract, Travelers must prove all of the following:

1. That Travelers and TSC entered into a contract;

2. That Travelers did all, or substantially all, of the significant things that the contract required it to do;

3. That TSC failed to do something that the contract required it to do;

4. That Travelers was harmed; and

5. That TSC's breach of contract was a substantial factor in causing Travelers' harm.

**Authority/Source:**

CACI 303

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 26 – INTRODUCTION TO CONTRACT DAMAGES**

If you decide that Travelers has proved its claim against TSC for breach of contract, you also must decide how much money will reasonably compensate Travelers for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Travelers in as good a position as it would have been if TSC had performed as promised.

To recover damages for any harm, Travelers must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Travelers also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Travelers claims damages for $280,483.26.

**Authority/Source:**

CACI 350

1  **INSTRUCTION NO. 27 – OBLIGATION TO PAY MONEY ONLY**

2      To recover damages for the breach of a contract to pay money, Travelers must

3  prove the amount due under the contract.

4

5  **Authority/Source:**

6  CACI 355

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 29 – DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority/Source:**

9th Cir. Model Instruction No. 3.1

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 30 – CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 3.2

**INSTRUCTION NO. 31 – COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority/Source:**

9th Cir. Model Instruction No. 3.3

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 32 -- RETURN OF VERDICT**

A verdict form has been prepared for you. Read it carefully and follow its instructions.  Your final verdict must be unanimous.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**<u>Authority/Source:</u>**

9th Cir. Model Instruction No. 3.5

JOINT PROPOSED JURY INSTRUCTIONS

DATED:  June 5, 2020                    WESTON & McELVAIN LLP

                                        By     /s/ Aaron C. Agness
                                               Aaron C. Agness
                                               Joel A. Graboff
                                               Attorneys for Plaintiff
                                               TRAVELERS PROPERTY CASUALTY
                                               COMPANY OF AMERICA

DATED:  June 5, 2020                    ROBERT FREUND LAW

                                        By     /s/ Robert S. Freund
                                               Robert S. Freund
                                               Attorneys for Defendant
                                               TSC ACQUISITION CORPORATION

       I, Robert S. Freund, certify pursuant to Local Rule 5-4.3.4(a)(2)(i) that the content
of this Joint Status Report Regarding Settlement is acceptable to all parties signing this
document and that all parties have authorized the filing.

DATED:  June 5, 2020                    ROBERT FREUND LAW

                                        By     /s/ Robert S. Freund
                                               Robert S. Freund
                                               Attorneys for Defendant
                                               TSC ACQUISITION CORPORATION

JOINT PROPOSED JURY INSTRUCTIONS