WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Joel A. Graboff (State Bar No. 316900)
1960 E. Grand Avenue, Suite 400
El Segundo, CA 90245
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
E-mail: aagness@wmattorneys.com
         jgraboff@wmattorneys.com

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

Robert S. Freund (SBN 287566)
ROBERT FREUND LAW
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (323) 553-3407
Email: robert@robertfreundlaw.com

Kevin J. Cole (SBN 321555)
KJC LAW GROUP, A.P.C.
6700 Fallbrook Avenue, Suite 207
West Hills, CA 91307
Telephone: (818) 392-8995
Email: kevin@jkclawgroup.com

Attorneys for Defendant,
TSC Acquisition Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | CASE NO.  2:19-cv-03863 PA-SK |
| Plaintiff, | **DISPUTED JURY INSTRUCTIONS** |
| v. | |
| TSC ACQUISITION CORP., | Judge:          Hon. Percy Anderson |
| Defendant. | Action Filed:   May 3, 2019<br>Trial Date:     July 21, 2020 |

**INDEX**

| Number | Title | Authority/Source | Page Number |
|---|---|---|---|
| 4 | BURDEN OF PROOF-CLEAR AND CONVINCING EVIDENCE | 9th Cir. Model Instruction No. 1.7 | 3 |
| 24 | WORKERS COMPENSATION CLASSIFICATIONS – STORES-RETAIL (8017) and CLERICAL OFFICE EMPLOYEES (8810) | California Workers' Compensation Uniform Statistical Reporting Plan-1995, Cal. Code Regs. Tit. 10, § 2318.6; Workers Compensation Insurance Rating Bureau ("WCIRB") California, Code 8017, https://www.wcirb.com/content/stores-retail-1; WCIRB California, Code 8810, https://www.wcirb.com/content/usrp-part-3-section-iii-rule-4-standard-exceptions; Cal. Ins. Code § 11730 et. seq.; Cal. Ins. Code § 11750 et. seq.; Policy Holder Notice, California Workers' Compensation Insurance Rating Laws, PN 04 99 02 B, Endorsement to the Policies. | 6 |

DISPUTED JURY INSTRUCTIONS

| Number | Title | Authority/Source | Page Number |
|---|---|---|---|
| 25 | BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING—ESSENTIAL FACTUAL ELEMENTS | CACI 325 | 10 |
| 28 | MITIGATION OF DAMAGES | CACI 358 | 13 |

2

DISPUTED JURY INSTRUCTIONS

**INSTRUCTION NO. 4 – BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

      When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probably that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority/Source:**

9th Cir. Model Instruction No. 1.7

**<u>TSC's Objection:</u>**

TSC objects to the jury being given any instruction suggesting that TSC's burden of proof is anything higher than preponderance of the evidence.  For example, although case law suggests the burden of proof to support the affirmative defense of unclean hands is clear and convincing evidence, *see*, *e.g.*, *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1091–92 (C.D. Cal. 2016), courts "equate[s] unclean hands to breach of the implied covenant of good faith and fair dealing."  *Dependable Highway Express, Inc. v. Rim Logistincs, Ltd.*, No. CV184261SJOAGRX, 2019 WL 988680, at *6 (C.D. Cal. Jan. 28, 2019).

Here, although TSC will present its affirmative defense of unclean hands, that defense equates to its argument that Travelers breached the implied covenant of good faith and fair dealing—a standard for which TSC carries a burden of proof of preponderance of the evidence, not clear and convincing evidence.

4

DISPUTED JURY INSTRUCTIONS

**Travelers's Statement in Support:**

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." Western Land Office, Inc. v. Cervantes, 175 Cal.App.3d 724, 729 (citing Prince v. Kennedy 3 Cal. App. 404, 407, 85 P. 859 (1906)). TSC is asserting Travelers did not perform the audits in good faith (unclean hands), and thus, the burden is on the party alleging an affirmative defense to prove it. Id.

Furthermore, to prevail on a defense of unclean hands, TSC must demonstrate by *clear and convincing evidence* that, (1) "that the plaintiff's conduct is inequitable;" and (2) "that the conduct relates to the subject matter of [the plaintiff's] claims." Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (citing CIBA–GEIGY Corp. v. Bolar Pharm., 747 F.2d 844, 855 (3rd Cir.1984)); see also TrafficSchool.com, Inc. v. Edriver, Inc., 653 F.3d 820, 833 (9th Cir.2011) (holding that a defendant must demonstrate that an unclean hands defense applies with "clear, convincing evidence").

DISPUTED JURY INSTRUCTIONS

**INSTRUCTION NO. 24 – WORKERS COMPENSATION CLASSIFICATIONS – STORES-RETAIL (8017) and CLERICAL OFFICE EMPLOYEES (8810)**

The following are classifications set forth by the Workers Compensation Insurance Rating Bureau:

8017 (Stores-Retail) - This classification applies to retail stores engaged in the sale of items not more specifically described by another store classification, including but not limited to appliances, artwork, baked goods, cellular telephones, cosmetics or beauty supplies, prescription and non-prescription pharmaceuticals, party supplies, craft supplies, disposable medical supplies, mattresses and box springs, domestic pets, firearms, games or gaming devices, home electronics, musical instruments, sporting goods, toys, vitamins or food supplements, cut Christmas trees and wheelchairs.

8810 (Clerical Office Employees) - Clerical Office Employees are defined as those employees whose duties are confined to keeping the books, records or cash of the employer; conducting correspondence; using computers; dispatching; recording weights; or who are engaged wholly in general office work or office drafting, having no regular duty of a non-clerical nature in the service of the employer. Except as otherwise provided in this Rule, the entire payroll of any employee who is engaged in operations performed by Clerical Office Employees and also is exposed (1) to any operative hazard of the business or (2) to any outside selling or collecting work, shall be assigned to the highest rated classification of work to which the employee is so exposed. Supervisors and clerks, such as time, stock or tally clerks, whose work is (1) necessary to, (2) performed in connection with, or (3) related to any operations of the business other than clerical office operations, shall not be classified as Clerical Office Employees. Classification 8810, Clerical Office Employees, shall be applied only to the payroll of persons herein described

6

who work exclusively in areas that are separated from all other work places of the employer by buildings, floors, partitions, railings or counters and within which no work is performed other than clerical office or drafting duties as defined in this Rule.

**Authority/Source:**

California Workers' Compensation Uniform Statistical Reporting Plan-1995, Cal. Code Regs. Tit. 10, § 2318.6; WCIRB California, Code 8017, https://www.wcirb.com/content/stores-retail-1; WCIRB California, Code 8810, https://www.wcirb.com/content/usrp-part-3-section-iii-rule-4-standard-exceptions; Cal. Ins. Code § 11730 et. seq.; Cal. Ins. Code § 11750 et. seq.; Policy Holder Notice, California Workers' Compensation Insurance Rating Laws, PN 04 99 02 B, Endorsement to the Policies.

DISPUTED JURY INSTRUCTIONS

**TSC's Objection:**

This is not a proper jury instruction because it is not drawn from any proper source of instruction (*i.e.*, any series of model instructions, statute, appellate court opinion, restatement of law, or dictionary). Jury instructions must state the law and must not be incomplete. *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (holding jury instructions "must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading"); *McGonigle v. Combs*, 968 F.2d 810, 824 (9th Cir. 1992) (incomplete instructions that fail to correctly state the law may ordinarily be rejected).

This instruction does not "state the law;" it sets out the WCIRB's definitions of just two of the classification codes that are relevant in this action. This is factual evidence that should be introduced, explained, and properly placed in context during trial. The instruction is also incomplete—relevant terms used in these classifications, including "retail," are further defined elsewhere in California law, including in the Revenue & Taxation Code. Reading this instruction to the jury in isolation is likely to mislead the jury and confuse the issue.

If the Court allows this jury instruction, TSC requests opportunity to submit additional proposed jury instructions including additional relevant WCIRB classifications, as well as definitions of material terms used in the classifications, as found in proper sources of authority for such instructions. TSC has not proposed such instructions at this time because, like Travelers' proposed instruction, instructions related to some but not all WCIRB classifications, and some relevant definitions of terms included therein, would likely confuse the issues and mislead the jury.

**Travelers's Statement in Support:**

As the classification of TSC's employees goes to the heart of the dispute in this matter, the jury must be instructed on the proper definitions for the classifications at issue in order to determine whether TSC employees were properly categorized. The only classification definitions that are relevant are those specifically crafted in the workers compensation insurance rating context, which are those promulgated by the agency authorized by law to create such a framework.  Cal. Ins. Code § 11734.  Here, that organization is the WCIRB. Cal. Ins. Code § 11750.3; Cal. Ins. Code § 11751.4.

In this case, Travelers contends that some of TSC's employees were properly classified under code 8017, retail, while TSC disagrees and contends that they should be classified under code 8810.  As these are the definitions relevant to this case, the jury should be instructed accordingly.

**INSTRUCTION NO. 25 – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING—ESSENTIAL FACTUAL ELEMENTS**

In every contract or agreement there is an implied promise of good faith and fair dealing.  This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.  Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another.  Generally speaking, it means being faithful to one's duty or obligation.  However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

TSC claims that Travelers violated the duty to act fairly and in good faith.  To establish this claim, TSC must prove all of the following:

1. That TSC and Travelers entered into a contract;
2. That TSC did all, or substantially all of the significant things that the contract required it to do;
3. That Travelers unfairly interfered with TSC's right to receive the benefits of the contract; and
4. That TSC was harmed by Travelers's conduct.

**Authority/Source:**

CACI 325

10

DISPUTED JURY INSTRUCTIONS

**Travelers's Objection:**

As expressly stated in CACI, TSC's proposed instruction "should be given if the **plaintiff** has brought a separate count for breach of the covenant of good faith and fair dealing." CACI 325 (see Directions for Use)(emphasis added). The plaintiff is Travelers, not TSC. Neither party has a cause of action for bad faith, so there is no legal basis for using this instruction, which would only apply if Travelers brought a bad faith claim. Moreover, the Court's ruling as to whether Travelers complied with the Policies in good faith goes to the second element of the breach of contract claim, not a separate cause of action for bad faith. [Doc. No. 34.] Furthermore, the California Supreme Court has established that bad faith is not among tort remedies available to insureds alleging overcharging of premiums following an audit. <u>Jonathan Neil & Assoc., Inc. v. Jones</u>, 33 Cal. 4th 917, 939 (2004).

Moreover, TSC did not assert bad faith as an affirmative defense. Rather, TSC relies on Judge Otero's ruling denying a summary judgment motion, in order to argue that alleging unclean hands is tantamount to a bad faith claim. *Dependable Highway Express, Inc. v. Rim Logistincs, Ltd.*, No. CV184261SJOAGRX, 2019 WL 988680, at *6 (C.D. Cal. Jan. 28, 2019). Putting aside that we are past the summary judgment stage and CACI's directions on how to use CACI 325 is clear, if TSC wanted to propose an affirmative defense based on unclean hands, it would have to use the clear and convincing evidence standard that applies to such a defense, which TSC seems to be trying to avoid. <u>Fuddruckers, Inc. v. Doc's B.R. Others, Inc.</u>, 826 F.2d 837, 847 (citing <u>CIBA–GEIGY Corp. v. Bolar Pharm.</u>, 747 F.2d 844, 855 (3rd Cir.1984)); <u>see also</u> <u>TrafficSchool.com, Inc. v. Edriver, Inc.</u>, 653 F.3d 820, 833 (9th Cir.2011) (holding that a defendant must demonstrate that an unclean hands defense applies with "clear, convincing evidence").

**TSC's Statement in Support:**

TSC's Answer asserts the affirmative defense of unclean hands based on Travelers's "own unfair and improper audit analyses," which breached the implied covenant of good faith and fair dealing.  The Court has ruled that "a genuine dispute exists as to whether Plaintiff complied with the Policies in good faith …." and denied summary judgment on Plaintiff's sole claim for breach of contract as a result.  (Dkt. No. 34 [MSJ Order] at p. 13.)

The jury must receive the instruction as to the implied covenant of good faith and fair dealing because the Court has ruled that Plaintiff cannot prevail on its contract claim if it did not "compl[y] with the Policies in good faith" and that a genuine dispute exists on that issue.  (*Id.*)  The jury must receive the instruction for the additional reason that it is central to the adjudication of TSC's unclean hands affirmative defense.  *See Dependable Highway Express, Inc. v. Rim Logistincs, Ltd.*, No. CV184261SJOAGRX, 2019 WL 988680, at *6 (C.D. Cal. Jan. 28, 2019) ("[T]he Court equates unclean hands to breach of the implied covenant of good faith and fair dealing.").

**INSTRUCTION NO. 28 – MITIGATION OF DAMAGES**

If TSC breached the contract and the breach caused harm, Travelers is not entitled to recover damages for harm that TSC proves Travelers could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Travelers's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If Travelers made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

**Authority/Source:**

CACI 358

DISPUTED JURY INSTRUCTIONS

**Travelers's Objection:**

TSC's proposed instruction is allegedly being used in connection with Travelers' prayer for prejudgment interest.  However, TSC provides no support for its instruction. If Travelers is awarded damages, Travelers will be entitled to prejudgment interest pursuant to California Civil Code 3287.  Under this provision, the Court must award prejudgment interest from the first day there exists both a breach and a liquidated claim. North Oakland Medical Clinic v. Rogers, 65 Cal.App.4th 824, 828 (1998); Watson Bowman Acme Corp. v. RGW Construction, Inc., 2 Cal.App.5th 279 (2016).  Moreover, the question of prejudgment interest will be presented to the Court via post-judgment motion, not to the jury as part of the trial.  Brocklesby v. United States, 767 F. 2d 1288 (9th Cir. 1985) (stating that prejudgment interest under Section 3287(a) is primarily a question of law).

At the same time, TSC's proposed instruction is misleading as it is not couched as relating solely to prejudgment interest and is being proposed in an effort to try to reduce the contractual damages that TSC might be found to owe.  Therefore, there is no basis for using this instruction, which is misleading and being proposed in a manner to unduly prejudice Travelers, especially since prejudgment interest will not be presented to the jury.

DISPUTED JURY INSTRUCTIONS

**TSC's Statement in Support:**

Travelers's Complaint seeks damages that include "interest." (Dkt. No. 1 [Complaint] at p. 5.) A plaintiff is not entitled to interest when it allows interest to add up unnecessarily by failing to promptly file a lawsuit.

In this case, Travelers waited more than seven months to provide notice of the post-policy adjustment for the 2014 Policy, waited more than 18 months to provide notice of the post-policy adjustment for the 2015 Policy, waited almost three years to file suit, and has never offered or entertained any reasonable settlement figure. Any pre-judgment interest claimed by Travelers should be barred by Travelers's failure to mitigate.

DISPUTED JURY INSTRUCTIONS

DATED:  June 5, 2020                    WESTON & McELVAIN LLP

                                   By   /s/ Aaron C. Agness
                                        Aaron C. Agness
                                        Joel A. Graboff
                                        Attorneys for Plaintiff
                                        TRAVELERS PROPERTY CASUALTY
                                        COMPANY OF AMERICA

DATED:  June 5, 2020                    ROBERT FREUND LAW

                                   By   /s/ Robert S. Freund
                                        Robert S. Freund
                                        Attorneys for Defendant
                                        TSC ACQUISITION CORPORATION

        I, Robert S. Freund, certify pursuant to Local Rule 5-4.3.4(a)(2)(i) that the content
of this Joint Status Report Regarding Settlement is acceptable to all parties signing this
document and that all parties have authorized the filing.

DATED:  June 5, 2020                    ROBERT FREUND LAW

                                   By   /s/ Robert S. Freund
                                        Robert S. Freund
                                        Attorneys for Defendant
                                        TSC ACQUISITION CORPORATION

DISPUTED JURY INSTRUCTIONS